**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION**

KATRINA LOVE-MCKINLEY,                              Case No. 1:14-cv-
as Personal Representative of the
ESTATE OF DAHNONTAE R. MCKINLEY,                    Honorable

       Plaintiff,

v.

COUNTY OF MUSKEGON;
SHERIFF DEAN ROESLER, Individually and in his Official Capacity;
UNDERSHERIFF DAN STOUT, Individually and in his Official Capacity;
SERGEANT THERESA BURTON-JONES, Individually and in her Official Capacity;
DEPUTY SCOTT SMITH, Individually;
DEPUTY RICK TOPP, Individually;
DEPUTY SHAWNDERIC ROBERSON, Individually;
DEPUTY JERID HERMAN, Individually;
DEPUTY FRANK DRABCZYK, Individually;
DEPUTY SHAWN AHRENS, Individually; and
DEPUTY JASON THIELBAR, Individually,

       Defendants.
_____/

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan  49503
Phone: (616) 454-8300
E-mail:  sdrew@dca-lawyers.com
E-mail:  asturdivant@dca-lawyers.com
_____/

**COMPLAINT AND JURY DEMAND**

     NOW COMES Plaintiff Katrina Love-McKinley, Personal Representative of the Estate

of Dahnontae R. McKinley, by and through her attorneys DREW, COOPER & ANDING, hereby

alleges and states as follows:

**JURISDICTION**

1.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a) (1), (2), (3), and (4) and the aforementioned statutory and constitutional provisions, as this action seeks redress for the violation of Plaintiff's constitutional and civil rights

2.      Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a)  to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

3.      The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. § 1923 and under Michigan Law.

4.      Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

**PARTIES**

5.      Plaintiff Dahnontae R. McKinley (hereinafter "McKinley" or "Decedent"), is now deceased but was at all relevant times a 34 year old African American citizen of the United States, and was at all relevant times a resident of the City of Muskegon in the County of Muskegon, State of Michigan and is represented by Katrina Love-McKinley, Personal Representative of the Estate of Dahnontae R. McKinley (hereinafter "Plaintiff").

6.      Defendant County of Muskegon is a municipal corporation located in the County of Muskegon, State of Michigan, and is a governmental body organized and existing under

the constitution and laws of the State of Michigan and conducting business within the territorial limits of the United States District Court of the Western District of Michigan.

7.    Defendant Dean Roesler, Sheriff for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually and in his official capacity.

8.    Defendant Dan Stout, Undersheriff for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually and in his official capacity.

9.    Defendant Theresa Burton-Jones, Sergeant for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually and in her official capacity.

10.    Defendant Scott Smith, a deputy for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually.

11.    Defendant Rick Topp, a deputy for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually.

12.    Defendant Shawnderic Roberson, a deputy for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually.

13.    Defendant Jerid Herman, a deputy for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually.

14.    Defendant Frank Drabczyk, a deputy for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually.

15.    Defendant Shawn Ahrens, a deputy for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually.

16.    Defendant Jason Thielbar, a deputy for the County of Muskegon Sheriff's Department and/or the Muskegon County Jail, was at all relevant times an agent and/or employee of Defendant County of Muskegon, and is sued individually.

17.    At all relevant times, Defendants were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan, the County of Muskegon, and/or the County of Muskegon's Sheriff's Department.

## FACTUAL ALLEGATIONS

18.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

19.    This is an action for money damages against Defendant County of Muskegon, Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and Sergeant Theresa Burton-Jones individually and in their official capacity, and Defendants Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and Deputy Jason Thielbar, individually, for violating

Plaintiff's constitutional rights and other rights accorded him by common and statutory law.

20.    On December 22, 2012, Defendants acted in a deliberate, grossly negligent and/or reckless manner when they improperly used and maintained Oleoresin Capsicum (hereinafter "pepper spray"), improperly used and maintained a spit mask on Decedent Dahnontae R. McKinley (hereinafter "McKinley" or "Decedent"), improperly used and maintained a restraint chair, failed to properly decontaminate McKinley following the usage of pepper spray and failed to provide medical personnel to evaluate, observe, check vitals and/or otherwise provide medical care during a medical need or medical emergency.  This resulted in injury to the Decedent including, but not limited to, causing him to have serious difficulty breathing, which led to his death.

21.    Defendants Sgt. Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar unlawfully assaulted Decedent Dahnontae R. McKinley and used excessive and/or reckless force without cause or justification when they:

a)    Forced McKinley to the ground causing him to land on his back;

b)    Struck McKinley three times on the left side of his mid-section;

c)    Struck McKinley in the head and jaw while aiming for his neck;

d)    Administered and sprayed pepper spray onto McKinley's face at close range;

e)    Restrained McKinley's arms and legs and handcuffed him;

f)    Applied a spit mask over McKinley's face after he was pepper sprayed;

g)    Failed to properly decontaminate McKinley following the usage of pepper spray;

h)    Secured McKinley to a restraint chair with leg irons and ankle shackles; and

    i)       Left McKinley unattended without the ongoing presence of medical personnel to monitor his condition given his medical need and/or medical emergency;

    j)       Otherwise committed actions of commission and/or omission that constituted excessive and/or reckless force, gross negligence and a violation of his constitutional rights to be free from deliberate harm under the circumstances in violation of statutory, constitutional and/or common law.

22.    Defendants Sgt. Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar, jointly and severally, were grossly negligent and/or deliberately indifferent when they intentionally denied and/or delayed access to medical care to Decedent Dahnontae R. McKinley despite his pleas for help.

23.    Defendants Sgt. Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar left Decedent Dahnontae R. McKinley in the holding cell even after seeing him "thrashing about" in the restraint chair and hearing him "making growling noises" and "grunting and yelling oh my God, oh my God, help me."

24.    Their failure to act was in violation of Decedent Dahnontae R. McKinley's federal constitutional rights and other rights accorded to him by common and statutory laws. Defendants, with gross negligence and/or deliberate indifference to a known serious medical need, failed to provide medical attention notwithstanding knowledge of a substantial risk of serious harm to the Decedent's health and/or safety. Defendants intentionally, recklessly, and/or with deliberate indifference ignored McKinley's pleas for help. Defendants failed to decontaminate Decedent while he was under their care and/or custody. Decedent did not receive the O.C. ("pepper spray") Administrative Warning form as required by Defendants' formal training procedures. Some or all of the above actions and/or inactions of Defendants resulted in the death of Dahnontae R. McKinley.

25.   Defendant County of Muskegon and Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones, tolerated, authorized and/or permitted a custom, policy, practice and/or procedure of improper conduct and insufficient supervision, training, placement and/or discipline of Defendants Sgt. Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar, and possible others, resulting in the violation the Decedent's rights.

26.   Defendants failure to adequately train and/or failure to follow proper policy, practice and/or procedure significantly contributed to, and/or caused the death of Dahnontae R. McKinley and includes but is not limited to the following:

a)   Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in identifying a medical need and/or medical emergency;

b)   Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in identifying the symptoms of agonal breathing and excited delirium;

c)   Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills regarding the proper usage of pepper spray, spit masks and/or restraint chairs;

d)   Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in knowing when to require the ongoing presence of medical personnel to evaluate, observe, check vitals and/or otherwise provide medical care during a medical need or medical emergency;

e)   Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in recognizing behavioral and/or psychological issues that require the ongoing presence of medical personnel;

f)   Failure to train and/or failure to follow proper policy, practice and/or procedure for using essential skills in decontaminating an individual following the usage of pepper spray;

g)   Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in the proper usage of a spit mask, including

but not limited to not using a spit mask immediately following the usage of pepper spray given the required decontamination period;

h)      Otherwise failing to adequately train and/or failing to follow proper policy, practice and/or procedure resulting in the death of Dahnontae R. McKinley.

27.     Defendant County of Muskegon and Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones, failed to adequately screen, counsel and/or discipline Defendants for physical and/or mental conditions that might render such individuals unfit to discharge the duties and responsibilities of a police officer/deputy, resulting in the violation the Decedent's rights.

28.     Defendant County of Muskegon and Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones, tolerated, authorized and/or permitted a custom, policy, practice or procedure of improper conduct and insufficient supervision, that they trained their officers in a method that is designed or is known to cause harm or injury, and/or failed to adequately screen, counsel or discipline such individuals, with the result that said deputies were allowed to violate the rights of persons such as Decedent with impunity.

29.     Defendant County of Muskegon and Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones have the ultimate responsibility and authority to investigate the death of any inmates in the custody of the Muskegon Sheriff's Department and/or the Muskegon County Jail, and as a matter of acts, custom, policy and and/or practice, Defendant County of Muskegon and Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones Stout failed to adequately and properly investigate the death of Dahnontae R. McKinley, including but not limited to failing to perform a thorough investigation into all of the events relating to the death of Dahnontae R. McKinley and/or failing to thoroughly review and investigate all policies,

- 8 -

practices, procedures and training materials related to the circumstances surrounding the death of Dahnontae R. McKinley.

30.     Defendants Sgt. Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar, for the very purpose of causing harm, and in an extreme, outrageous and reckless manner, forced McKinley to the ground causing him to land on his back, struck McKinley three times on the left side of his mid-section, struck McKinley in the head and jaw while aiming for his neck, administered and sprayed pepper spray onto McKinley's face at close range, restrained McKinley's arms and legs and handcuffed him, applied a spit mask over McKinley's face after he was pepper sprayed, and secured McKinley to a restraint chair with leg irons and ankle shackles.

31.     Decedent McKinley was intentionally and recklessly denied by the Defendants the removal and/or decontamination of the pepper spray from his face after he was restrained through cleaning, washing or other means, and his pleas for medical care and attention were ignored and/or denied.

32.     Plaintiff also seeks money damages against the Defendants for the above actions and/or inactions in violation of Michigan common and/or statutory laws including assault and battery of the Decedent, intentional infliction of emotional distress and/or gross negligence.

33.     In whole or in part, as a result of some or all of the above actions and/or inactions of the Defendants, Dahnontae R. McKinley died at Defendant County of Muskegon's Sheriff's Department's jail, after again pleading for help during the process, which assistance was repeatedly ignored and denied by the Defendants.

**COUNT I**
**42 U.S.C. § 1983 - EXCESSIVE FORCE**
**DEFENDANTS SERGEANT THERESA BURTON-JONES, DEPUTY SCOTT SMITH,**
**DEPUTY RICK TOPP, DEPUTY SHAWNDERIC ROBERSON, DEPUTY JERID**
**HERMAN, DEPUTY FRANK DRABCZYK, DEPUTY SHAWN AHRENS,**
**AND/OR DEPUTY JASON THIELBAR**

34.     The above paragraphs are incorporated by reference as if fully stated herein.

35.     The aforementioned acts by Defendants Sergeant Theresa Burton-Jones, Deputy Scott

        Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy

        Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar were committed

        under color of state law.  Said acts were committed by Defendants with callous and/or

        reckless disregard and/or with deliberate indifference, and deprived Decedent Dahnontae R.

        McKinley of the following clearly established and well-settled rights, privileges and

        immunities under the laws and Constitution of the United States:

        a)      Freedom from the use of excessive and unreasonable force in violation of
                Decedent's Fourth Amendment rights;

        b)      Freedom from seeking and enjoying equal rights, privileges and immunities of
                citizens of the United States and the State of Michigan, including such rights as free
                speech, assembly, association and movement, and due process; and

        c)      Otherwise violating the rights of the Decedent Dahnontae R. McKinley.

36.     Defendants Sgt. Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy

        Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn

        Ahrens, and/or Deputy Jason Thielbar, for the very purpose of causing harm, forced

        McKinley to the ground causing him to land on his back, struck McKinley three times on

        the left side of his mid-section, struck McKinley in the head and jaw while aiming for his

        neck, administered and sprayed pepper spray onto McKinley's face at close range,

        restrained McKinley's arms and legs and handcuffed him, applied a spit mask over

McKinley's face after he was pepper sprayed, and secured McKinley to a restraint chair with leg irons and ankle shackles.

37.    Defendants subjected the Decedent, Dahnontae R. McKinley, to these deprivations of rights maliciously and/or by acting with callous and/or reckless disregard, and with deliberate indifference as to whether Decedent's rights would be violated by his actions.

38.    As a direct and proximate result of Defendants' actions, Decedent Dahnontae R. McKinley suffered mental and physical pain and suffering prior to his death.

39.    In whole or in part, as a direct and proximate result of Defendant's actions, Decedent Dahnontae R. McKinley died.

40.    As a direct and proximate result of Defendants' actions, Decedent was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

**COUNT II**
**42 U.S.C. § 1983 –DENIAL OF MEDICAL ATTENTION**
**DEFENDANTS SERGEANT THERESA BURTON-JONES, DEPUTY SCOTT SMITH,**
**DEPUTY RICK TOPP, DEPUTY SHAWNDERIC ROBERSON, DEPUTY JERID**
**HERMAN, DEPUTY FRANK DRABCZYK, DEPUTY SHAWN AHRENS,**
**AND/OR DEPUTY JASON THIELBAR**

41.    The above paragraphs are incorporated by reference as if fully stated herein.

42.    Defendants Sergeant Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar had the duty and/or responsibility to seek or obtain medical personnel and medical treatment for Decedent Dahnontae R. McKinley when it became clear that he had a serious medical need and/or medical emergency.

43.  Defendants demonstrated deliberate indifference to the Decedent in delaying medical care when Dahnontae R. McKinley's serious medical need and/or medical emergency was evident under the circumstances.

44.  Decedent McKinley was intentionally and recklessly denied by the Defendants the removal and/or decontamination of the pepper spray from his face after he was restrained through cleaning, washing or other means, and his pleas for medical care and attention were ignored and/or denied.

45.  Defendants failed to follow proper policy, practice and/or procedure for using essential skills in decontaminating an individual following the usage of pepper spray.

46.  Defendants failed to follow proper policy, practice and/or procedure for using essential skills in knowing when to require the ongoing presence of medical personnel to evaluate, observe, check vitals and/or otherwise provide medical care during a medical need or medical emergency.

47.  Defendants failed to follow proper policy, practice and/or procedure for using essential skills in recognizing behavioral and/or psychological issues that require the ongoing presence of medical personnel.

48.  Defendants failed to follow proper policy, practice and/or procedure for using essential skills in identifying the symptoms of agonal breathing and excited delirium.

49.  As a direct and proximate result of Defendants' actions and/or inactions, Decedent Dahnontae R. McKinley suffered mental anguish, anxiety, humiliation and embarrassment, psychological and/or emotional distress, physical pain and suffering, and death.

**COUNT III**
**42 U.S.C. § 1983**
**DEFENDANT COUNTY OF MUSKEGON**

50.     The above paragraphs are incorporated by reference as if fully stated herein.

51.     Defendant County of Muskegon has the ultimate responsibility and authority to train and supervise officers of the Muskegon Sheriff's Department and/or the Muskegon County Jail in appropriate use of department issued pepper spray and spit mask and/or the requested need for medical care, and as a matter of acts, custom, policy and and/or practice, failed to do so with deliberate indifference.

52.     Defendant County of Muskegon, had a custom, practice and/or policy and in that regard failed to adequately train and/or supervise officers of the Muskegon Sheriff's Department and/or the Muskegon County Jail in the proper and positioned use of the pepper spray and spit mask and the requisite need for medical care, which led to a violation of the Decedent Dahnontae R. McKinley's rights which deprived him of his Constitutional rights under the Fourth Amendment of the United States Constitution at all times material to this complaint.

53.     Defendant County of Muskegon's failure to adequately train and/or supervise officers of the Muskegon Sheriff's Department and/or the Muskegon County Jail regarding proper policy, practice and/or procedure resulted in the death of Dahnontae R. McKinley and included but is not limited to the following:

   a)     Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in identifying a medical need and/or medical emergency;

   b)     Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in identifying the symptoms of agonal breathing and excited delirium;

   c)     Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills regarding the proper usage of pepper spray, spit masks and/or restraint chairs;

- 13 -

d)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in knowing when to require the ongoing presence of medical personnel to evaluate, observe, check vitals and/or otherwise provide medical care during a medical need or medical emergency;

e)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in recognizing behavioral and/or psychological issues that require the ongoing presence of medical personnel;

f)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in decontaminating an individual following the usage of pepper spray;

g)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in the proper usage of a spit mask, including but not limited to not using a spit mask immediately following the usage of pepper spray given the required decontamination period;

h)    Otherwise failing to adequately train and/or failing to follow proper policy, practice and/or procedure resulting in the death of Dahnontae R. McKinley.

54.    The County of Muskegon has the ultimate responsibility and authority to investigate the death of any inmates in the custody of the Muskegon Sheriff's Department and/or the Muskegon County Jail, and as a matter of acts, custom, policy and and/or practice, Defendant County of Muskegon failed to adequately and properly investigate the death of Dahnontae R. McKinley, including but not limited to failing to perform a thorough investigation into all of the events relating to the death of Dahnontae R. McKinley and/or failing to thoroughly review and investigate all policies, practices, procedures and training materials related to the circumstances surrounding the death of Dahnontae R. McKinley.

55.    By these actions and/or inactions, Defendant County of Muskegon, as a matter of acts, custom, policy and practice, have deprived the Decedent Dahnontae R. McKinley of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

56.    As a direct and proximate result of Defendants' actions and/or inactions, Decedent Dahnontae R. McKinley suffered mental anguish, anxiety, humiliation and embarrassment, psychological and/or emotional distress, physical pain and suffering, and death.

**COUNT IV**
**42 U.S.C. § 1983**
**DEFENDANTS SHERIFF DEAN ROESLER, UNDERSHERIFF DAN STOUT AND/OR SERGEANT THERESA BURTON-JONES**

57.    The above paragraphs are incorporated by reference as if fully stated herein.

58.    Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones have the responsibility and authority to train and supervise officers of the Muskegon Sheriff's Department and/or the Muskegon County Jail in appropriate use of department issued pepper spray and spit mask and/or the requested need for medical care, and as a matter of acts, custom, policy and and/or practice, failed to do so with deliberate indifference.

59.    Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones had a custom, practice and/or policy and in that regard failed to adequately train and/or supervise officers of the Muskegon Sheriff's Department and/or the Muskegon County Jail in the proper and positioned use of the pepper spray and spit mask and the requisite need for medical care, which led to a violation of the Decedent Dahnontae R. McKinley's rights which deprived him of his Constitutional rights under the Fourth Amendment of the United States Constitution at all times material to this complaint.

60.    Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones' failure to adequately train and/or supervise officers of the Muskegon Sheriff's Department and/or the Muskegon County Jail regarding proper policy, practice and/or

procedure resulted in the death of Dahnontae R. McKinley and included but is not limited

to the following:

a)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in identifying a medical need and/or medical emergency;

b)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in identifying the symptoms of agonal breathing and excited delirium;

c)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills regarding the proper usage of pepper spray, spit masks and/or restraint chairs;

d)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in knowing when to require the ongoing presence of medical personnel to evaluate, observe, check vitals and/or otherwise provide medical care during a medical need or medical emergency;

e)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in recognizing behavioral and/or psychological issues that require the ongoing presence of medical personnel;

f)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in decontaminating an individual following the usage of pepper spray;

g)    Failure to adequately train and/or failure to follow proper policy, practice and/or procedure for using essential skills in the proper usage of a spit mask, including but not limited to not using a spit mask immediately following the usage of pepper spray given the required decontamination period;

h)    Otherwise failing to adequately train and/or failing to follow proper policy, practice and/or procedure resulting in the death of Dahnontae R. McKinley.

61.    Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones have the responsibility and authority to investigate the death of any inmates in the custody of the Muskegon Sheriff's Department and/or the Muskegon County Jail, and as a matter of acts, custom, policy and and/or practice, Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones failed to adequately and properly investigate the death of Dahnontae R. McKinley, including but not limited to

failing to perform a thorough investigation into all of the events relating to the death of Dahnontae R. McKinley and/or failing to thoroughly review and investigate all policies, practices, procedures and training materials related to the circumstances surrounding the death of Dahnontae R. McKinley.

62.    By these actions and/or inactions, Defendants Sheriff Dean Roesler, Undersheriff Dan Stout and/or Sergeant Theresa Burton-Jones, as a matter of acts, custom, policy and practice, have deprived the Decedent Dahnontae R. McKinley of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

63.    As a direct and proximate result of Defendants' actions and/or inactions, Decedent Dahnontae R. McKinley suffered mental anguish, anxiety, humiliation and embarrassment, psychological and/or emotional distress, physical pain and suffering, and death.

### SUPPLEMENTAL STATE LAW CLAIMS

### COUNT V
### GROSS NEGLIGENCE
### ALL DEFENDANTS

64.    The above paragraphs are incorporated by reference as if fully stated herein.

65.    Defendants County of Muskegon, Sheriff Dean Roesler, Undersheriff Dan Stout, Sergeant Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar owed the decedent a duty to use due care.

66.    Defendants violated that duty in the following aforementioned manners.

67.    As a direct and proximate result of the breach by Defendants, the Decedent died.

68.    Plaintiff, on behalf of the estate and all in individuals entitled to damages under the wrongful death act, request all damages that are fair and just under the circumstances, including, without limitation, the following:

   a)    Reasonable hospital, medical and/or funeral expenses;

   b)    Reasonable compensation for pain and suffering the decedent experienced while he was conscious during the time between his injury and his death; and

   c)    Losses suffered by the next of kin as a result of the Decedent's death, including but not limited to the following:

      i.    Loss of financial support;

      ii.    Loss of services;

      iii.    Loss of gifts and other valuable gratuities;

      iv.    Loss of society and companionship; and

      v.    Other miscellaneous losses.

69.    At all relevant times, Defendants were acting in the course and scope of their employment with Defendant County of Muskegon and within the scope of their authority as law enforcement officers of the Muskegon Sheriff's Department and/or the Muskegon County Jail, a division of Defendant County of Muskegon.

70.    Defendants breached the duties owed to Decedent Dahnontae R. McKinley and were grossly negligent as that term is used and defined in M.C.L. 691.1407(2) (c), when they conducted themselves by actions described above, said acts having been committed with reckless disregard for Decedent's health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.  Duties owed to the Decedent Dahnontae R. McKinley include but are not limited to:

   a)    The duty to use verbal means such as advice, warning or persuasion before resorting to force;

b)      The duty to refrain from using force where force was not necessary;

c)      The duty to exhaust all reasonable alternatives before using force; including but not limited to requesting assistance and / or backup before utilizing force as was necessary and reasonable under the circumstances;

d)      The duty to use only such force as was necessary and reasonable under the circumstances;

e)      The duty to exercise restraint in difficult situations and to analyze the situation and react in a professional manner;

f)      The duty to not deliberately ignore and recklessly disregard the known procedures regarding the means and methods and applications of pepper spray (OC), the acts of detaining a person that may affect their ability to breathe, and their pleas for assistance when they are unable to breathe because of the aforementioned reckless and other acts that recklessly disregarded said procedures; and

g)      Other duties to be identified.

71.     Contrary to the duties owed to Decedent Dahnontae R. McKinley at the above time and

place, Defendants were grossly negligent and breached said duties, committing one or more

of the following acts and/or omissions which proximately caused the death of the Decedent

Dahnontae R. McKinley:

a)      The use of OC pepper spray against an unresisting arrestee;

b)      The use of OC pepper spray at close range against an unarmed suspect;

c)      The use of OC pepper spray while one is face down with pressure being applied on the face, neck and/or back;

d)      Placing one face down with pressure on their back affecting their ability to breathe;

e)      Failure to decontaminate and/or otherwise ameliorate in a timely fashion the effects of the OC pepper spray;

f)      The improper use of a department issued spit mask;

g)      The improper use of a department issued restraint chair;

h)      Failure to provide medical care where there was an obvious need; and

i)      Acts and/or omissions otherwise intended to endanger the Decedent Dahnontae R. McKinley.

72.    As a direct and proximate result of Defendants' gross negligence, Decedent Dahnontae R. McKinley suffered injuries and death as outlined above.

**COUNT VI**
**ASSAULT & BATTERY**
**DEFENDANTS SERGEANT THERESA BURTON-JONES, DEPUTY SCOTT SMITH,**
**DEPUTY RICK TOPP, DEPUTY SHAWNDERIC ROBERSON, DEPUTY JERID**
**HERMAN, DEPUTY FRANK DRABCZYK, DEPUTY SHAWN AHRENS,**
**AND/OR DEPUTY JASON THIELBAR**

73.    The above paragraphs are incorporated by reference as if fully stated herein.

74.    Defendants Sergeant Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar committed, or acted in concert to commit, acts which caused the Decedent Dahnontae R. McKinley to be apprehensive that Defendants would subject him to an imminent battery and/or intentional invasions of his rights to be free from offensive and harmful contact, and said conduct demonstrated that the Defendants had a present ability to subject the Decedent to an immediate, intentional, offensive and harmful touching.  Decedent did not consent to such conduct, which caused injury, damage, loss, and/or harm.

75.    Defendants Sgt. Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar, for the very purpose of causing harm, forced McKinley to the ground causing him to land on his back, struck McKinley three times on the left side of his mid-section, struck McKinley in the head and jaw while aiming for his neck, administered and sprayed pepper spray onto McKinley's face at close range, restrained McKinley's arms and legs and handcuffed him, applied a spit mask over

McKinley's face after he was pepper sprayed, and secured McKinley to a restraint chair with leg irons and ankle shackles.

76.    This resulted in injury to the Decedent including, but not limited to, causing him to have serious difficulty breathing, which led to his death.

77.    The acts described herein constitute assault and battery, actionable under the laws of the State of Michigan.

78.    Defendants committed, or acted in concert to commit, acts, which resulted in harmful or offensive contact with the body of the Decedent.  Decedent did not consent to the contact, which caused injury, damage, loss, and/or harm.

<u>**COUNT VII**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>
<u>**ALL DEFENDANTS**</u>

79.    The above paragraphs are incorporated by reference as if fully stated herein.

80.    Defendants left Decedent Dahnontae R. McKinley in the holding cell even after seeing him "thrashing about" in the restraint chair and hearing him "making growling noises" and "grunting and yelling oh my God, oh my God, help me."

81.    Defendants intentionally denied and/or delayed access to medical care to Decedent Dahnontae R. McKinley despite his pleas for help.

82.    Decedent McKinley was intentionally and recklessly denied by the Defendants the removal and/or decontamination of the pepper spray from his face after he was restrained through cleaning, washing or other means, and his pleas for medical care and attention were ignored and/or denied.

83.    Defendants acted in an extreme, outrageous and/or reckless manner when they improperly used and maintained Oleoresin Capsicum (hereinafter "pepper spray"),

improperly used and maintained a spit mask on Decedent Dahnontae R. McKinley (hereinafter "McKinley" or "Decedent"), improperly used and maintained a restraint chair, failed to properly decontaminate McKinley following the usage of pepper spray and failed to provide medical personnel to evaluate, observe, check vitals and/or otherwise provide medical care during a medical need or medical emergency.  This resulted in injury to the Decedent including, but not limited to, causing him to have serious difficulty breathing, which led to his death.

84.    The acts described herein constitute extreme and outrageous conduct against Decedent Dahnontae R. McKinley and were without privilege.

85.    Defendants County of Muskegon, Sheriff Dean Roesler, Undersheriff Dan Stout, Sergeant Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar committed, or acted in concert to commit, acts which were reckless and intended to cause Decedent Dahnontae R. McKinley to suffer emotional distress.

86.    Decedent Dahnontae R. McKinley suffered severe emotional distress and the outrageous conduct of the Defendants was in whole or in part a cause of the emotional distress suffered by Decedent Dahnontae R. McKinley under the circumstances.

87.    Defendants' outrageous conduct constitutes the intentional infliction of emotional distress and is actionable under the laws of the State of Michigan.

## DAMAGES

88.   The above paragraphs are incorporated by reference as if fully stated herein.

89.   As a direct and proximate result of Defendants County of Muskegon, Sheriff Dean Roesler, Undersheriff Dan Stout, Sergeant Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar's actions and/or inactions stated above, Decedent Dahnontae R. McKinley suffered serious mental anguish, anxiety, humiliation and embarrassment, emotional distress, a sense of outrage, loss of social pleasure and enjoyment and death.

90.   As a direct and proximate result of Defendants' actions and/or inactions stated above, Decedent Dahnontae R. McKinley died on December 22, 2012.

91.   The conduct, actions and/or inactions of Defendants as alleged in the above stated counts and causes of action constitute violations of the common and/or statutory laws of the State of Michigan, and the United States District Court has supplemental jurisdiction to hear and adjudicate said claims.

WHEREFORE, Plaintiff Katrina Love-McKinley, Personal Representative of the Estate of Dahnontae R. McKinley, requests this Court and the finder of fact to enter a Judgment in Plaintiff's favor and against Defendants County of Muskegon, Sheriff Dean Roesler, Undersheriff Dan Stout, Sergeant Theresa Burton-Jones, Deputy Scott Smith, Deputy Rick Topp, Deputy Shawnderic Roberson, Deputy Jerid Herman, Deputy Frank Drabczyk, Deputy Shawn Ahrens, and/or Deputy Jason Thielbar on all counts as indicated above in an amount consistent with the proofs of trial, and seeks against Defendants all appropriate damages arising out of law, equity and fact for each or all of the above counts where applicable and hereby requests that the trier of

fact, be it judge or jury, award Plaintiff all applicable damages, including but not limited to compensatory, special, exemplary and/or punitive, in whatever amount the Plaintiff is entitled, and all other relief arising out of law, equity and fact, also including but not limited to:

a)  Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to medical expenses, mental anguish, anxiety, humiliation and embarrassment, violation of Decedent's Constitutional rights, loss of social pleasure and enjoyment and other damages to be proved;

b)  The wrongful and premature death of the Decedent Dahnontae R. McKinley, and the loss of society and companionship, funeral and burial expenses.

c)  Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

d)  Reasonable attorney fees, interest and costs; and

e)  Other equitable and/or injunctive relief as appears to be reasonable and just.

Respectfully submitted,

Dated: August 7, 2014                   By:   /s/ Stephen R. Drew
                                              Stephen R. Drew (P24323)
                                              Adam C. Sturdivant (P72285)
                                              DREW, COOPER & ANDING
                                              *Attorneys for Plaintiff*
                                              *Katrina Love-McKinley as*
                                              *Personal Representative of the Estate*
                                              *of Dahnontae R. McKinley*
                                              80 Ottawa Avenue NW, Suite 200
                                              Grand Rapids, Michigan  49503
                                              Phone: (616) 454-8300
                                              E-mail: sdrew@dca-lawyers.com
                                              E-mail: asturdivant@dca-lawyers.com

## **JURY DEMAND**

Plaintiff Katrina Love-McKinley, Personal Representative of the Estate of Dahnontae R. McKinley, by and through her attorneys, DREW, COOPER & ANDING, hereby demands a trial by jury on all claims set forth above.

Respectfully submitted,

Dated:  August 7, 2014                    By:   /s/ Stephen R. Drew
                                                 Stephen R. Drew (P24323)
                                                 Adam C. Sturdivant (P72285)
                                                 DREW, COOPER & ANDING
                                                 *Attorneys for Plaintiff*
                                                 *Katrina Love-McKinley as*
                                                 *Personal Representative of the Estate*
                                                 *of Dahnontae R. McKinley*
                                                 80 Ottawa Avenue NW, Suite 200
                                                 Grand Rapids, Michigan  49503
                                                 Phone: (616) 454-8300
                                                 E-mail: sdrew@dca-lawyers.com
                                                 E-mail: asturdivant@dca-lawyers.com