UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA LOVE-MCKINLEY,
as Personal Representative of the ESTATE
OF DAHNONTAE R. MCKINLEY,

Plaintiff,

v.

COUNTY OF MUSKEGON; et al,

Defendants.

Case No. 1:14-cv-840

HON. ROBERT HOLMES BELL

---

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
Drew, Cooper & Anding
Attorneys for Plaintiff
80 Ottawa Avenue, N.W. – Suite 200
Grand Rapids MI 49503
616-454-8300
sdrew@dca-lawyers.com
asturdivant@dca-lawyers.com

Allan C. Vander Laan (P33893)
Andrew J. Brege (P71474)
CUMMINGS, MCCLOREY, DAVIS & ACHO
Attorneys for Defendants
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI 49546
616-975-7470
avanderlaan@cmda-law.com
abrege@cmda-law.com

Theodore N. Williams, Jr. (P32291)
Douglas M. Hughes (P30958)
Williams Hughes PLLC
Co-counsel for Defendants
120 W Apple Ave., PO Box 599
Muskegon, MI 49443-0559
tedwilliams@williamshugheslaw.com
doughughes@williamshugheslaw.com

---

**STIPULATION AND PROTECTIVE ORDER**

**STIPULATION**

The parties, through counsel, stipulate to entry of the following Protective Order:

## **PROTECTIVE ORDER**

1.      All confidential Documents (as defined herein) produced by any Party in this action shall remain confidential unless such document is presented to the opposing Party(ies) under the following procedure: The requesting Party shall provide notice to the opposing Party(ies) that it/they intend to use and publicly release (non-sealed) certain "defined" Document(s) in support of a pleading or motion or use such Document(s) in a non-Party deposition. After such notice by the proponent Party, the opposing Party shall have five (5) business days from the date of receipt of said notice to submit a written objection to such disclosure. If the opposing Party does object in writing within the time period, the Parties shall act in good faith to resolve the objection without resort to filing a motion. If the Parties cannot come to a resolution, the Document(s) shall remain confidential until a proper motion is filed and there is a further order from the Court.

2.      Documents as "defined" and included in this Stipulated Protective Order shall include:

   a.      Policies and procedures of Muskegon County Sheriff's Department, including but not limited to the policies and procedures of the Muskegon County Jail;
   b.      Employment records, including but not limited to, personnel files and disciplinary records of the individual Defendants from the Muskegon County Sheriff's Department.

3.      The Social Security numbers, addresses and telephone numbers of the individual employees, their medical conditions, if any, the names of their immediate family members, and the names and addresses of those that have been provided as personal references, may be properly deleted or redacted from the files produced. To the extent this information has already been produced and has not been redacted,

Plaintiff agrees to redact all such information from any documents produced before such documents are attached to any pleading or otherwise submitted or used in this litigation.

4. The Social Security numbers, addresses, telephone numbers, and medical conditions, if any, of the personal representative, immediate family members, and identified heirs may be properly deleted or redacted from the files produced. To the extent this information has already been produced and has not been redacted, Defendants agree to redact all such information from any documents produced before such documents are attached to any pleadings or otherwise submitted or used in this litigation.

5. The designation of material as confidential for purposes of this Order shall be made by affixing the legend "'Confidential" to each page containing any confidential Document. To the extent these documents may have already been produced, the producing party designate the documents "Confidential" by list produced after entry of this order.

6. Allowable disclosure of any such confidential Document covered by this Stipulated Protective Order shall be limited to: a) Counsel of Record, (b) Parties to this action, and (c) expert witnesses unless otherwise ordered by this Court.

7. All confidential Documents disclosed by the Parties, along with all copies thereof, shall be returned to the respective Parties' counsel of record upon completion of the above captioned case, including final appeal, to the extent that the same are not disclosed under the terms hereof and which are not used as an exhibit at trial of this matter. Additionally, any Document that has been converted to an attorney work product will not be required to be returned at the conclusion of the above-captioned case and must be promptly destroyed.

8. This Order has no effect upon, and shall not apply to the use by a party of

its own confidential Documents for any purpose. However, should a party disclose its own confidential Documents, it shall no longer be subject to this Order.

9. This Order shall not apply to any information or documents acquired by third party sources or already known to the parties or the public. This Order does not modify the requirements of W.D. Mich. LR 10.6 regarding the filing documents under seal.

DATED: September 24, 2015

/s/ Phillip J. Green
_____
Phillip J. Green
United States Magistrate Judge

Approved for submission:

/s/ Adam C. Sturdivant
Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)


/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Andrew J. Brege (P71474)